MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

ONE COMMERCE PLAZA
SUITE 1102
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311

425 BROADHOLLOW ROAD, SUITE 405
P.O. BOX 9064
MELVILLE, NEW YORK 11747-9064
631-249-6565
FACSIMILE: 631-777-6906

KEVIN SCHLOSSER
DIRECT DIAL: 516-592-5709
E-MAIL: KSCHLOSSER@MSEK.COM

January 9, 2009

**BY ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Bielski, et al. v. Danco, Inc., Royal Plumbing & Heating Corp.,
          Daniel J. Racan, Milan Racan, Lisowiec and Plachta,
          <u>Civil Action No. 06 CV 6542 (BMC) (VVP)</u>

Dear Judge Cogan:

    We represent the defendants Royal Plumbing & Heating Corp., Danco, Inc.,
Daniel J. Racan, Milan Racan, Wladyslaw Lisowiec and Kazimierz Plachta in this
matter.  We write as the Court permitted during the telephone status conference on
December 29, 2008, concerning the effect of *Grochowski v. Phoenix Const.*, 318 F.3d
80 (2d Cir. 2003)("*Grochowski*"), and *Cox v. NAP Const. Co., Inc.*, 861 N.Y.S. 2d 238,
891 N.E.2d 271 (N.Y. 2008)("*Cox*"), on plaintiffs' claims in this action.

    Plaintiffs are former employees of Danco, Inc., a contractor hired by the New
York City Housing Authority ("NYCHA"), pursuant to multiple contracts involving the
renovation of various public housing developments.  Extensive document discovery, as
well as depositions in this action, have shown that: (i) plaintiffs' respective job
classifications were properly determined by Danco pursuant to the applicable wage
scale annexed to each NYCHA contract; and (ii) Danco paid each plaintiff the
appropriate prevailing wage for each job classification pursuant to those contracts.
Thus, the evidence shows that plaintiffs have been afforded proper wages in all
instances.

    Plaintiffs nevertheless claim in this action that they are allegedly entitled to
unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorney
fees under the Fair Labor Standards Act ("FLSA"), the New York Minimum Wage Act,

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
January 9, 2009
Page 2


New York State Labor Law, New York State common law, and under the Civil Rights Act of 1871. (Third Amended Complaint at ¶ 2.) Plaintiffs attempt to assert state law claims under various theories, including breach of contract, third-party beneficiary and others. This Court's jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction), including the jurisdictional grant of the FLSA, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to plaintiffs' state law claims. (*Id.* at ¶ 8). The NYCHA contracts at issue in this action were funded by (i) the federal government; (ii) the state; and (iii) the City. Pursuant to settled Second Circuit precedent, plaintiffs have no right to assert claims for "prevailing wages" or any state law theory concerning those contracts that were *federally* funded.

In *Grochowski*, plaintiffs sought unpaid overtime for work on federally funded construction projects, and argued that overtime should be calculated based on prevailing wage rates because the federal Davis-Bacon Act ("DBA"), 40 U.S.C. § 276a, required payment of prevailing wages on federal projects. 318 F.3d at 87. Noting that the DBA provided specific administrative remedies for recovery of prevailing wages, the Second Circuit rejected plaintiffs' attempt to import the requirements of the DBA into an FLSA overtime claim, finding that ". . . the district court properly limited the plaintiffs' claims under the FLSA for unpaid overtime compensation to one-and-a-half times the hourly rates actually paid." *Id.*

Further, the Second Circuit in *Grochowski* rejected plaintiffs' efforts to assert state law claims for breach of contract as third-party beneficiaries of the NYCHA contracts. Given the DBA's administrative remedies and the absence of an explicit private cause of action, *Grochowski* correctly concluded that the "plaintiffs['] efforts to bring their claims as state common-law [contract] claims [were] clearly an impermissible 'end run' around" congressional intent as to the availability of remedies under the DBA. 318 F.3d at 86.

In sum, in *Grochowski* the Second Circuit ruled directly as to the scope of the FLSA and DBA, and their effect on prevailing wage and state common law causes of action -- a question of federal law -- in a case that is on "all fours" with this proceeding, as concerns the federally funded contracts.[1] Obviously, Second Circuit decisions bind this Court, which sits within its district. *See, e.g.*, *Newsom-Lang v. Warren Intern.*, 129 F.Supp.2d 662, 665 (S.D.N.Y. 2001)("[t]his . . . Court clearly cannot [break from Second Circuit precedent]; lower courts are bound by applicable Circuit precedent."). Thus, the

---

[1]   We recognize Your Honor's observation in *Sobczak v. AWL Industries, Inc.*, that *Grochowski* noted that its contracts were "federally funded and, as such, are governed by the prevailing wage requirements set forth in the [DBA], not by § 220 of the New York Labor Law," and that "to the extent that plaintiffs' claims arise under state funded contracts, to which state prevailing wage standards apply, *Grochowski* has no application." 2007 WL 4934239 at * 5 (E.D.N.Y. Oct. 22, 2007).

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
January 9, 2009
Page 3


Second Circuit's rulings in *Grochowski* are fully binding on the District Courts in this jurisdiction and therefore govern in this case.

To the extent plaintiffs wish to argue now, after affirmatively choosing this forum, that *Grochowski* was somehow wrongly decided, or that the state court's decision in *Cox* should govern instead, that belated attempt to disregard Second Circuit precedent must be rejected. "A lower court must follow precedent that is on point . . . even if it thinks the precedential decision was wrongly decided." *Dodge v. County of Orange*, 282 F.Supp. 41, 80 (S.D.N.Y. 2003). In *Dodge*, defendants argued that a prior Second Circuit decision regarding the constitutionality of strip searches of post-arraignment misdemeanor arrestees had been wrongly decided. *Id.* at 80. In refusing to disregard prior Second Circuit precedent, the *Dodge* court cited, *inter alia*, the Supreme Court's reasoning in *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477 (1989), that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." The *Dodge* Court found ". . . no reason why a district court should not show the same deference to the Court of Appeals that the Supreme Court demands of intermediate appellate courts." *Dodge*, 282 F.Supp.2d at 81-82, *citing*, *inter alia*, *Wisdom v. Intrepid Sea-Air Museum*, 1992 WL 168224, at *4 (S.D.N.Y. June 26, 1992) ("[Rodriguez's] admonition to the circuit courts should apply with equal, if not greater, force to the district courts."), *reversed on other grounds*, 993 F.2d 5 (2nd Cir. 1993).

Earlier this year, Mr. Wisniewski (plaintiffs' counsel herein) asked Magistrate Judge Eaton of the Southern District to decline to follow *Grochowski*. *Zebzda v. Tenavision, Inc.*, 2008 WL 868112 (S.D.N.Y. 2008). The Court declined, holding that "[w]hatever the high court of New York may decide, I am bound to follow *Grochowski*." *Id.* at * 1. We respectfully submit that this Court is also so bound to reject *Cox* and follow *Grochowski*, as concerns those contracts that were federally funded.

Plaintiffs' counsel filed the initial complaint here in December, 2006, nearly four years after *Grochowski* was decided. Plaintiffs (and their counsel) are the masters of their own complaint, and if they wanted to forego federal jurisdiction, they had that choice, since the FLSA, in 29 U.S.C. 216(b), provides that an action brought under the statute "may be maintained ... in any Federal or State court of competent jurisdiction." Plaintiffs' counsel should not now be heard to complain that he chose what he considers to be the "wrong" forum or that the federal court where he brought the action should disregard its own binding precedent. Should plaintiffs now wish to challenge *Grochowski*, their procedural recourse is clear -- they must litigate in their chosen forum, and, if they so choose, appeal any decision deemed adverse to them to the Second

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
January 9, 2009
Page 4


Circuit.   However, at this time, the Second Circuit's interpretation of federal law as pronounced in *Grochowski* remains binding in this matter.

As discussed during the conference call with the Court, there is no basis for plaintiffs' counsel to assert that the extensive discovery already completed in this action was somehow limited as concerns plaintiffs' possible prevailing wage and/or state common law causes of action.  Rather, plaintiffs have had full *unfettered* discovery as to each of the causes of action they asserted.   No order of this Court, agreement of counsel, writing, or oral statement on the record during the course of depositions limited discovery in any way.   There is no basis to open discovery at this late stage or to relieve plaintiffs of the deadlines that were already repeatedly extended.   Certainly, as discussed above, nothing in the *Cox* decision changes that result.

Thus, we respectfully submit that plaintiffs not be permitted to conduct any further discovery at all, including as to claims that have been and continue to be barred by *Grochowski*.   Similarly, plaintiffs should not be permitted to ignore the long-expired deadline for the submission of their expert's report as to these, or any other claims, or to offer any expert opinion.

Thank you for the opportunity to offer this submission.

Respectfully yours,
/s/
Kevin Schlosser

KS

cc by ECF:   Robert Wisniewski, P.C.