```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
DANIEL BIELSKI, et al.,                                     :
                                                            :
                              Plaintiffs,                   :   **MEMORANDUM ORDER**
                                                            :
         -against-                                          :   06 Civ. 6542 (BMC)
                                                            :
ROYAL PLUMBING AND HEATING CORP.,                           :
et al.,                                                     :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on plaintiffs' motion for reconsideration of this Court's Order entered January 21, 2009, in which the Court declined plaintiffs' request for additional discovery on or dismissal of certain claims. The motion is denied.

Although plaintiffs have clarified the basis of their prior request, they cite no rule that would permit me to "decline to exercise supplemental jurisdiction over plaintiff's state law claims," as plaintiffs describe the relief requested, other than Fed.R.Civ.P. 41. If plaintiffs wish to withdraw certain claims, Rule 41 is the only basis available to them. It appears they are asking for a "review" of this Court's supplemental jurisdiction, rather than relying on Rule 41, because a "voluntary" dismissal pursuant to that Rule might not entitle them to a statute of limitations toll under CPLR 205 when they recommenced the state law claims in state court. In effect, they are asking me to decline to exercise supplemental jurisdiction over those claims *sua sponte*, but since they are the ones asking me, their request is something of an oxymoron. If I were go along with it, it might present an interesting question for the state court whether my decision to decline subject matter jurisdiction at plaintiffs' request constituted a voluntary

dismissal under CPLR 205, which would not entitle them to a toll, or a dismissal for lack of subject matter jurisdiction, which would. But in any event, it seems to me that Rule 41 allows a plaintiff to seek dismissal for any reason, including a new-found belief that the Court should, as a matter of discretion, decline to exercise supplemental jurisdiction over claims that the plaintiff himself previously asserted pursuant to that same supplemental jurisdiction. Calling it a "request for review of supplemental jurisdiction" does not bring it outside of Rule 41. It is still the plaintiff who is asking for his own claims to be dismissed without prejudice, and that is precisely what Rule 41 addresses.

I remain of the view that plaintiffs were correct in the first place in bringing these claims pursuant to this Court's supplemental jurisdiction, albeit as placeholder claims due to Grochowski v. Phoenix Construction, 318 F.3d 80 (2d Cir. 2003), and that they are wrong now in seeking to have me decline supplemental jurisdiction. Although plaintiffs are correct that their state law claims, if heard on the merits, would require consideration of additional facts beyond their federal claims, all of the claims arise out of the employer-employee relationship. The federal claims require consideration, *inter alia,* of the number of hours worked, and the state claims, again if they were to be considered on the merits, would require consideration of what they were doing during those same hours.

It is true that the state claims will not be considered on the merits because of Grochowski, but that merely emphasizes that the purpose of plaintiffs' "request for review" is entirely to obtain a more favorable forum. I see no problem with forum shopping as a general matter, but I think the law and the reasons for it are clear that a plaintiff cannot withdraw claims solely for the purpose of switching to a more favorable forum. Indeed, the fact that the disposition of the state claims here is squarely controlled by existing Second Circuit precedent is a reason to exercise

2

supplemental jurisdiction, not to decline it, as there will be no unnecessary expenditure of resources by this court in resolving those claims.

Although I therefore agree with plaintiffs that I have the discretion to dismiss their state law claims without prejudice, I see no reason to exercise that discretion. It seems to me that plaintiffs have a viable appeal from the Growchowski-required dismissal of their state law claims here in that, unlike Cox v. NAP Const. Co., Inc., 10 N.Y.3d 592 (2008), Growchowski effectively held that the state law claims were preempted without undertaking a preemption analysis, but it is up to the Circuit to determine whether to reconsider Growchowski in light of Cox. Having elected to bring their claims here, plaintiffs cannot avoid the application of federal law as interpreted by the Second Circuit that dictates the disposition of their claims.

**SO ORDERED.**

Signed electronically/Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
Jan. 31, 2009